**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DENNIS HUTCHINSON**                                                                                              **PETITIONER**
**ADC#143206**

**V.**                              **CASE NO. 5:15CV00342 JLH/BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                                        **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes.  Mr. Hutchinson – or any party – may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.

**II.**     **Introduction**

Petitioner Dennis Hutchinson filed the pending 28 U.S.C. §2254 petition for a writ of habeas corpus on October 28, 2015.  (Docket entry #1)  In his petition, Mr. Hutchinson challenges his 2008 conviction for second-degree murder.

Mr. Hutchinson filed this petition after the expiration of the statute of limitations.  Furthermore, this is not his first federal habeas corpus petition, and he has not received

authorization from the Court of Appeals to file this successive petition. His previous petition challenged the same conviction that he challenges here. See *Hutchinson v. Hobbs*, Case No. 5:15CV00052-JLH, docket entry #2( E.D.Ark. dismissed Oct. 3, 2013). In that case, Judge Holmes found that Mr. Hutchinson's petition was barred because he filed it after the expiration of the limitations period. (#18, #20, #21) Mr. Hutchinson appealed, but the Eighth Circuit Court of Appeals denied his request for a certificate of appealability. The Supreme Court denied Mr. Hutchinson's petition for writ of certiorari. (#35)

In this case, Mr. Hutchinson did not seek or receive authorization from the Court of Appeals to file a second or successive petition. Instead, after filing the pending petition, he filed a motion to proceed with successive petition. (#3) Mr. Hutchinson must file this request with the Eighth Circuit Court of Appeals. And he must receive authorization prior to filing a petition in this Court.

### III. Discussion

This Court lacks jurisdiction to hear a second or successive petition without authorization from the appropriate court of appeals. Authorization is required even where the petitioner claims actual innocence. 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Without an authorizing order from the court of appeals, the district court lacks jurisdiction to hear the

petition.  *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]  Summary dismissal of a habeas corpus petition – prior to a respondent's answer or other responsive pleading – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals.  Rule 4, Rules Governing Habeas Corpus Cases;  *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The pending petition is clearly "successive" because Mr. Hutchinson's previous petition challenged the same state conviction, on the same grounds.  Accordingly, Judge Holmes should dismiss this unauthorized petition, without prejudice.

**IV.     Conclusion**

The Court recommends that Judge Holmes DISMISS Dennis Hutchinson's successive petition for writ of habeas corpus (#1), without prejudice, for lack of jurisdiction.  The Court further recommends that Judge Holmes deny a certificate of appealability.

DATED this 5th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. § 2244(b)(2).